Carlos C. Alsina-Batista (CA Bar #327286)
The Law Offices of Jeffrey Lohman, P.C
28544 Old Town Front St., Suite 201
Temecula, CA 92590
T: (657) 363-3331
F: (714) 888-4528
E: CarlosA@jlohman.com
*Attorneys for Plaintiff, Kylie Galletti*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| Kylie Galletti,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>　　　　Defendant. | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**1. Violations of the Telephone Consumer Protection Act;**<br><br>**2. Violations of the Rosenthal Fair Debt Collection Practices Act** |

NOW COMES, Plaintiff, Kylie Galletti, by her attorney, and alleges the following against Defendant JPMorgan Chase Bank, N.A.:

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer

- 1 -

Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq* and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Ca Civ. Code § 1788.17.

2.   The TCPA was legislated to prevent companies like JPMorgan Chase Bank, N.A. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

3.   When enacting the Rosenthal Fair Debt Collection Practices Act, CA Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose declaration:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION AND VENUE

4. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. Supplemental jurisdiction over the state law claim exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this district and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles County, in the city of Lakewood, California.

7. Defendant is a nationally chartered bank, doing business in the state of California, with its principal place of business located in Columbus, Ohio. Defendant is a "person," as defined by 47 U.S.C. §153 (39).

8. At all times relevant to this Complaint, Defendant has acted through its

agents employees, officers, members, directors, corporate affiliates, heirs, successors, assignees and assignors, principals, corporate affiliates, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

9. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c).

10. Defendant has been attempting to collect on a debt from credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2 (e) of the Rosenthal Act.

11. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

12. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (909) XXX-1453.

13. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to (847) 426-9138, (402) 220-4351, (847) 488-2996, (847) 488-2949, (407) 732-2415, (813) 372-1900, (210) 520-0004, (847) 426-9145, (847) 488-2001, (314) 889-2858 and (800) 945-2000.

14. On information and belief based on the considerable volume, timing and frequency of the calls, and per Defendant's prior business practices,

Defendant's calls were placed with an automatic telephone dialing system ("auto-dialer").

15.     Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Kylie Galletti.

16.     Defendant's calls were not for emergency purposes, as contemplated by 47 U.S.C. § 227(b)(1)(A).

17.     Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls, either on a per-call or flat-fee basis, within the purview of 47 U.S.C. § 227(b)(1).

18.     Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

19.     On or about June 17, 2019, Plaintiff called into Defendant's company at phone number (847) 426-9138.  Plaintiff spoke with Defendant's representative who identified himself as "Richard" with "unique ID L283462," identified herself with her personal information, and requested that Defendant cease calling her cellular phone.

20.     During the conversation, Plaintiff gave Defendant her full name, the last 4 digits of her social security number and telephone number, in order to assist Defendant in accessing her account before asking Defendant to stop calling her cell

phone. The request for calls to stop was acknowledged by Defendant's representative.

21.  Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on June 17, 2019.

22.  Despite Plaintiff's request to cease, Defendant placed autodialed calls to Plaintiff after June 17, 2019.

23.  Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system, Defendant continued to place at least one hundred five (105) telephone calls using an automatic telephone dialing system to Plaintiff's cellular telephone. The repeated contacts were made with the expectation that Plaintiff would succumb to the harassing behavior and ultimately make a payment, despite her articulated inability to pay.

**FIRST CAUSE OF ACTION -NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227**

24.  Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25.  The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

26. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

27. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION - KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et. seq.

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT - CA CIV CODE § 1788.17

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

33. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kylie Galletti, respectfully requests judgment be entered against Defendant, JPMorgan Chase Bank, N.A., for the following:

## FIRST CAUSE OF ACTION

34. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein one hundred five (105) for a total of fifty-two thousand five hundred dollars ($52,500.00); and

35. Actual damages and compensatory damages according to proof at time of trial.

## SECOND CAUSE OF ACTION

36. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein one hundred five (105) for a total of one hundred fifty-seven thousand five hundred dollars ($157,500.00);

and,

37. Actual damages and compensatory damages according to proof at time of trial;

### THIRD CAUSE OF ACTION

38. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

39. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

40. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and;

41. Actual damages and compensatory damages according to proof at time of trial.

### ON ALL CAUSES OF ACTION

42. Actual damages and compensatory damages according to proof at time of trial;

43. Costs and reasonable attorneys' fees, and;

44. Any other relief that this Honorable Court deems appropriate.

### JURY TRIAL DEMAND

45. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED

Dated: April 29, 2020       By: */s/ Carlos C. Alsina-Batista*
                                Carlos C. Alsina-Batista
                                CA Bar No. 327286
                                Attorney for Plaintiff, Kylie Galletti